UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EROAD LIMITED and EROAD INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERDIEMCO, LLC, <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs EROAD Limited and EROAD Inc. (collectively, "EROAD") file this Complaint against defendant PerDiemCo, LLC ("PerDiemCo"), and allege the following:

### NATURE OF THE ACTION

1. PerDiemCo is the purported assignee of U.S. Patent Nos. 8,149,113 (the "'113 patent"), 9,954,961 (the "'961 patent"), 10,104,189 (the "'189 patent"), 9,485,314 (the "'314 patent"), 9,621,661 (the "'661 patent"), 9,680,941 (the "'941 patent"), 9,871,874 (the "'874 patent"), 10,021,198 (the "'198 patent"), and 10,171,950 (the "'950 patent"), 10,148,774 (the "'774 patent"), and 9,319,471 (the "'471 patent") (collectively, the "PDC patents").

2. PerDiemCo has communicated to EROAD its intention to assert its rights under the PDC patents based on EROAD's ongoing and/or planned activities. EROAD does not infringe and has not infringed the PDC patents, and therefore has the rights necessary to engage in the complained-of activities. EROAD seeks a declaration of its legal rights. EROAD brings this action to obtain declaratory judgment of non-infringement of the PDC patents.

### THE PARTIES

3. EROAD Limited is a corporation organized and existing under the laws of New Zealand, with its principal place of business at Level 3, 260 Oteha Valley Road, Albany, Auckland, New Zealand.

4. EROAD Inc. is a corporation organized and existing under the laws of Oregon, with its principal place of business at 7618 SW Mohawk Street, Tualatin, Oregon 97062.

5. On information and belief, PerDiemCo is a limited liability company organized and existing under the laws of Texas, with its principal place of business at 505 E Travis Street, Suite 205, Marshall, TX 75670-4258.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over PerDiemCo, and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). PerDiemCo is organized under the laws of Texas and is incorporated with the Secretary of State, located at 1019 Brazos Street, Austin, Texas 78701 in this district.

9. This Court can enter the declaratory relief sought in this Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists because PerDiemCo has several times accused EROAD of infringing the PDC patents and indicated its intention to assert its rights under the PDC patents by pursuing claims of infringement against EROAD based on EROAD's ongoing and/or planned activities. EROAD does not infringe and

has not infringed any claims of the PDC patents, and therefore has a right to engage in the complained-of activity.  As a result of PerDiemCo's actions, EROAD risks a suit for infringement by engaging in the complained-of activity.

## FACTUAL BACKGROUND

10. PerDiemCo purports to be the owner of the PDC patents.  A copy of the '113 patent is attached as Exhibit A; a copy of the '961 patent is attached as Exhibit B; a copy of the '189 patent is attached as Exhibit C; a copy of the '314 patent is attached as Exhibit D; a copy of the '661 patent is attached as Exhibit E; a copy of the '941 patent is attached as Exhibit F;  a copy of the '874 patent is attached as Exhibit G; a copy of the '198 patent is attached as Exhibit H; a copy of the '950 patent is attached as Exhibit I; a copy of the '774 patent is attached as Exhibit J; and a copy of the '471 patent is attached as Exhibit K.

11. On July 12, 2018, Robert Katz, counsel for PerDiemCo, sent a letter to Steven Newman, EROAD's CEO, the subject line of which reads "Notice of Infringement of PerDiemCo Patents."  The letter states, "It has come to our attention that products and services offered by [EROAD] use technology covered by the PerDiem Patents, specifically, but not limited to, the use of the Electronic Logging Devices (ELDs) that are mandated by Department of Transportation Regulations."  Mr. Katz requested that EROAD respond "in a timely manner regarding this matter" to "prevent PerDiem from having to seek damages for willful infringement."

12. On July 26, 2018, Mr. Katz sent an email to Michael Sacksteder, counsel for EROAD, emphasizing that it was PerDiemCo's position "that products and services offered by EROAD use technology covered by the PerDiem Patents."  In particular, Mr. Katz's email

accused EROAD's electronic logging device ("ELD") of infringing claims 1 and 33 of the '961 patent.

13.     On July 27, 2018, Mr. Sacksteder responded to Mr. Katz's July 26 email, requesting that PerDiemCo provide a claim chart explaining its infringement contentions. That same day, Mr. Katz replied to Mr. Sacksteder's email, adding PerDiemCo's CEO and patent counsel, Robert Babayi, and its general counsel, Chuck Wilcox. In the email, Mr. Katz asserted that "PDC has standing to sue on the patents" and reiterated that PerDiemCo has "concluded that Eroad products and services infringe PDC patents."

14.     On October 11, 2018, Mr. Babayi sent an email to Mr. Sacksteder that included a claim chart purporting to map accused EROAD functionality to claims 1-5 and 14 of the '189 patent.

15.     On October 18, 2018, Mr. Babayi sent an email to Mr. Sacksteder that included a claim chart purporting to map accused EROAD functionality to claim 4 of the '113 patent. Mr. Babayi's email stated that "[t]o date, PDC has provided EROAD with evidence of infringement of the '198 and '961 patents, which should provide you all informations [*sic*] necessary to assess infringement of PDC's publicaly [*sic*] allowed and issued ELD claims. Similarly, the '113 chart and the information in this e-mail should provide all the information necessary for assessment of infringement of PDC's non-ELD claims in all of the remaining patents in Exhibit A."

16.     On January 11, 2019, Mr. Babayi sent five emails to Mr. Sacksteder which included a total of six claim charts purporting to map accused EROAD functionality to claim 1 of the '950, '198, '874, '941, '661, and '314 patents. In the first of the five emails he sent that day, Mr. Babayi stated "I attach an updated Exhibit A which lists 11 issued PDC patents deemed infringed by at least one claim of Eroad's products and services." The "11 issued PDC patents"

identified by Mr. Babayi are the eleven PDC patents identified in this complaint. Mr. Babayi's email stated that he had provided "volumes of evidence that establish PDC has reasonable basis to sue Eroad for infringing its patents." He further confirmed that "PDC is resolute in pursuing its claims against" EROAD.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the '113 Patent)**

17. EROAD hereby incorporates by reference paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '113 patent, either literally or under the doctrine of equivalents.

19. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '113 patent.

20. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '113 patent, either literally or under the doctrine of equivalents.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the '961 Patent)**

21. EROAD hereby incorporates by reference paragraphs 1 through 21, inclusive, as though fully set forth herein.

22. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus

that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '961 patent, either literally or under the doctrine of equivalents.

23. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '961 patent.

24. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '961 patent, either literally or under the doctrine of equivalents.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '189 Patent)

25. EROAD hereby incorporates by reference paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

27. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '189 patent.

28. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '314 Patent)

29. EROAD hereby incorporates by reference paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

31. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '314 patent.

32. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

### FIFTH CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '661 Patent)**

33. EROAD hereby incorporates by reference paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '661 patent, either literally or under the doctrine of equivalents.

35. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '661 patent.

36. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '661 patent, either literally or under the doctrine of equivalents.

### SIXTH CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '941 Patent)**

37. EROAD hereby incorporates by reference paragraphs 1 through 36, inclusive, as though fully set forth herein.

38. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '941 patent, either literally or under the doctrine of equivalents.

39. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '941 patent.

40. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '941 patent, either literally or under the doctrine of equivalents.

## SEVENTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '874 Patent)

41. EROAD hereby incorporates by reference paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '874 patent, either literally or under the doctrine of equivalents.

43. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '874 patent.

44. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '874 patent, either literally or under the doctrine of equivalents.

## EIGHTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '198 Patent)

45.     EROAD hereby incorporates by reference paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.     EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '198 patent, either literally or under the doctrine of equivalents.

47.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '198 patent.

48.     EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '198 patent, either literally or under the doctrine of equivalents.

## NINTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '950 Patent)

49.     EROAD hereby incorporates by reference paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '950 patent, either literally or under the doctrine of equivalents.

51.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '950 patent.

52. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '950 patent, either literally or under the doctrine of equivalents.

### TENTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '774 Patent)

53. EROAD hereby incorporates by reference paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '774 patent, either literally or under the doctrine of equivalents.

55. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '774 patent.

56. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '774 patent, either literally or under the doctrine of equivalents.

### ELEVENTH CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '471 Patent)

57. EROAD hereby incorporates by reference paragraphs 1 through 56, inclusive, as though fully set forth herein.

58. EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

59. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between EROAD and PerDiemCo concerning the non-infringement of the '471 patent.

60. EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '471 patent, either literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

WHEREFORE, EROAD prays for a declaratory judgment against defendant PerDiemCo as follows:

A. For a declaration that EROAD does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the PDC patents, either literally or under the doctrine of equivalents;

B. For a declaration that EROAD's case against PerDiemCo is an exceptional case within the meaning of 35 U.S.C. § 285;

C. For an order awarding costs and attorneys' fees to EROAD; and

D. For such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs EROAD Limited and EROAD Inc. hereby demand a trial by jury of all issues so triable.

Dated:   January 25, 2019             Respectfully submitted,

s/ Michael J. Sacksteder
Michael J. Sacksteder, CSB No. 191605 (admitted in WD Texas)

        Email: msacksteder@fenwick.com
        FENWICK & WEST LLP
        555 California Street, 12th Floor
        San Francisco, CA  94104
        Telephone:     415.875.2300
        Facsimile:     415.281.1350

        Attorneys for Plaintiffs
        EROAD Limited and EROAD Inc.

10446126.5