**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |  |
|---|---|---|
| **EROAD LIMITED**<br>**and EROAD INC.,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No. 6:19-cv-00026-ADA |
| v. | ) | |
| | ) | **ORAL HEARING REQUESTED** |
| **PERDIEMCO, LLC,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**DEFENDANT PERDIEMCO'S RULE 12(B)(3) MOTION**
**TO TRANSFER FOR IMPROPER VENUE**

## TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................................1

II. BACKGROUND ...........................................................................................................1

III. APPLICABLE LAW .....................................................................................................5

IV. ARGUMENT .................................................................................................................6

    A.  This Case Should Be Transferred Under § 1406(a) to the Eastern District
        of Texas Because Venue is Improper in the Western District of Texas ................6

        1.  Venue is Improper in This Judicial District ................................................6

        2.  The Interests of Justice Compel Transfer to the Eastern District of
            Texas .........................................................................................................11

            a.  This Case Could Have Been Brought in the Eastern District
               of Texas .......................................................................................11

            b.  Judicial Economy Compels Transfer Because the Eastern
               District of Texas is Intimately Familiar With the Subject
               Matter of the Patents at Issue .....................................................11

    B.  Alternatively, This Case Should Be Transferred Under § 1404(a) to the
        Eastern District of Texas For Convenience ........................................................16

V.  CONCLUSION ............................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

<u>CASES</u>

*800 Adept, Inc. v. Enter. Rent-A-Car, Co.*,
  545 F. Supp. 2d 562 (E.D. Tex. 2008) ...............................................................10

*Broadway Nat'l Bank*,
  173 F. Supp. 3d 469 (W.D. Tex. 2016) .............................................................11

*C2 Commc'ns Techs., Inc. v. PAETEC Corp.*,
  2009 WL 5204266 (E.D. Okla. Dec. 22, 2009) ..................................................9

citing *Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ...........................................................................................11

*DataTreasury Corp. v. First Data Corp.*,
  243 F.Supp.2d 591 (N.D. Tex. 2003) ...............................................................18

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) .............................................................................12

*Fourco Glass Co. v. Transmirra Products Corp.*,
  353 U.S. 222 (1957) ...........................................................................................10

*Garnet Digital, LLC v. Apple, Inc.*,
  893 F.Supp.2d 814 (E.D. Tex. 2012) ................................................................11

*In re BigCommerce, Inc.*,
  890 F.3d 978 Fed. Cir. 2018) .............................................................................10

*In re Volkswagen of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ......................................................................8, 19

*J2 Glob. Commc'ns, Inc. v. Protus IP Sols.*,
  2008 WL 5378010 (E.D. Tex. Dec. 23, 2008) ..................................................19

*Logan v. Hormel Foods Corp.*,
  2004 WL 5216126 (E.D. Tex. 2004) .................................................................18

*MGM Well Servs., Inc. v. Prod. Control Servs., Inc.*,
  2010 WL 11553307 (E.D. Tex. Nov. 22, 2010 ...................................................9

*Mi-Jack Prods., Inc. v. Taylor Grp., Inc.*,
  1997 WL 441796 (N.D. Ill. July 30, 1997) .......................................................13

*Modern Comput. Corp. v. Ma*,
  862 F.Supp. 938 (E.D.N.Y. 1994) .....................................................................13

*Peak Completion Techs. Inc. v. I-TEC Well Sols., LLC*,
  2013 WL 12121002 (W.D. Tex. June 26, 2013) ....................................................18

*PerdiemCo LLC v. GPS Logic LLC*,
  No. 2:15-cv-1216 (E.D. Tex. Jul. 27, 2016) .........................................................15

*PerdiemCo, LLC. v. IndusTrack LLC*,
  No. 2:15-cv-00727 (E.D. Tex. Dec. 19, 2016) ......................................................17

*Regents of the Univ. of California v. Eli Lilly & Co.*,
  119 F.3d 1559 (Fed. Cir. 1997) ....................................................................8, 15

*Salinas v. O'Reilly Automotive, Inc.*,
  358 F. Supp. 2d 569 (N.D. Tex. 2005) ................................................................20

*Shaw v. Quincy Mining Co.*,
  145 U.S. 444 (1892) ..........................................................................................11

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
  549 U.S. 422 (2007) ..........................................................................................20

*TC Heartland v. Kraft Foods Grp. Brands LLC*,
  353 U.S. 222 (1957) ..........................................................................................10

*Unistrut Corp. v. Baldwin*,
  815 F. Supp. 1025 (E.D. Mich. 1993) .................................................................13

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990) ...........................................................................9

*Wenche Siemer v. Learjet Acquisition Corp.*,
  966 F.2d 179 (5th Cir. 1992) ..............................................................................12

*West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*,
  751 F.2d 721 (5th Cir. 1985) ...............................................................................9

*XY, LLC v. Trans Ova Genetics, LC*,
  2017 WL 5505340 (W.D. Tex. Apr. 5, 2017). ....................................... 14, 15, 19

*Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*,
  402 F. Supp. 2d 731 (E.D. Tex. 2005) ................................................................15

*Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*,
  982 F. Supp. 2d 714 (W.D. Tex. 2013) .................................................................8

iv

Statutes

28 U.S.C. § 1391................................................................................................passim

28 U.S.C. § 1404........................................................................................4, 19, 20

28 U.S.C. § 1406................................................................................................passim


Rules

Fed. R. Civ. P. 12(b)(3)..............................................................................................4, 8

## I.      INTRODUCTION

Defendant, PerDiem Co, LLC ("PerDiemCo"), respectfully moves the Court to transfer this case to the Eastern District of Texas. Plaintiff, EROAD Limited and EROAD Inc. (collectively, "EROAD"), aver that "venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c)" and contend that PerDiemCo "is incorporated with the Secretary of State, located at 1019 Brazos Street, Austin, Texas 78710 in this district." ("Complaint"), Dkt. 1, at ¶ 8. Yet, these averments are factually incorrect, misleading, and legally ineffective. They are entitled to no weight on this Rule 12(b)(3) motion to transfer. *See* Section IV(A)(1), *infra*. The Brazos Street address is the Texas Secretary of State's address, not PerDiemCo's. PerDiemCo is a Texas limited liability company, residing and having its principal place of business in Marshall, Texas, in the Eastern District of Texas. PerDiemCo is not located in this judicial district. PerDiemCo has no substantial contacts with this judicial district that would support the exercise of personal jurisdiction pursuant to 28 U.S.C. § 1391(d). Thus, venue is improper in the Western District of Texas.

Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), PerDiemCo asks this Court to transfer this case to the Eastern District of Texas, Marshall Division. The interests of justice warrant this transfer because extensive litigation with respect to the subject matter of the patents at issue has already been conducted by the Eastern District of Texas, Marshall Division. *See* Section IV(A)(2), *infra*. Alternatively, PerDiemCo asks this Court to transfer for convenience, pursuant to 28 U.S.C. § 1404(a). *See* Section IV(B), *infra*.

## II.      BACKGROUND

PerDiemCo owns a portfolio of United States patents relating to geofencing, fleet management, and asset tracking technologies. Declaration of Robert Babyi ("Babayi Decl.") at ¶ 4 (attached as Exhibit A). The patented technology enables trucking fleets and others to

effectively track mobile assets and to comply with the United States Department of Transportation's Electronic Logging Device (ELD) mandate, a comprehensive final rule published by the Federal Motor Carrier Safety Administration (FMCSA).[1]

In May 2015, PerDiemCo instituted five patent infringement actions against various infringers in the Eastern District of Texas, Marshall Division ("May 2015 Litigation"): *Perdiem Co, LLC v. Geotab Inc.*, (2:15-cv-00726) (May 15, 2015); *Perdiem Co, LLC v. IndusTrack, LLC*, (2:15-cv-00727) (May 15, 2015); *Perdiem Co, LLC v. Omnivations II, LLC*, (2:15-cv-00729) (May 15, 2015); *Perdiem Co, LLC v. Teletrac, Inc.,* (2:15-cv-00730) (May 15, 2015); and *Perdiem Co, LLC v. Telogis, Inc.*, (2:15-cv-00733) (May 15, 2015). In July 2015, PerDiemCo instituted five more patent infringement litigations against various other infringers in the Eastern District of Texas, Marshall Division ("July 2015 Litigation"): *Perdiem Co, LLC v. GPS Logic, LLC*, (2:15-cv-01216) (Jul. 2, 2015); *Perdiem Co, LLC v. TV Management, Inc*, (2:15-cv-01217) (Jul. 2, 2015); *Perdiem Co, LLC v. thingTech LLC* (2:15-cv-01218) (Jul. 2, 2015); *Perdiem Co, LLC v. LiveViewGPS, Inc.,* (2:15-cv-01219) (Jul. 2, 2015); and *Perdiem Co, LLC v. Forward Thinking Systems LLC*, (2:15-cv-01220) (Jul. 2, 2015). Babayi Decl. at ¶ 8.

The May 2015 Litigation were consolidated under *Perdiem Co, LLC v. IndusTrack, LLC*, (2:15-cv-00727), and the July 2015 Litigation was consolidated under *Perdiem Co, LLC v. GPS Logic, LLC*, (2:15-cv-01216). In each of the *IndusTrack* and *GPS Logic* matters, litigation proceeded though preliminary motions, discovery, discovery motions, claim construction, and expert reports. *See* Section IV(A)(2), *infra* (detailing the extent of the previous litigation); *see also* Exhibit D-1 (summary of docket in *IndusTrack* case); Exhibit D-2 (summary of docket in *GPS Logic* case). In the *IndusTrack* case, the Eastern District of Texas adjudicated summary

---

[1] Section 32301(b) of the Commercial Motor Vehicle Safety Enhancement Act, enacted as part of MAP-21, (Pub. L. 112-141, 126 Stat. 405, 786-788, July 6, 2012).

judgement motions challenging validity and infringement (Docket No. 174, 176, 182), motions in limine (Order No. 175, 179, 181, 232), motions to dismiss for lack of standing (Dkt. No. 172), motions to strike expert reports (Dkt. No. 156, 157, 173,  157, 179), and *Daubert* motions (Dkt. No. 178, 181). Exhibit D-1. By the time the *IndusTrack* case settled, it had progressed as far as jury selection and seating a jury. *Id.* at Dkt. No. 249, 288, 311.

The May 2015 and July 2015 Litigations (collectively "2015 Litigation") involved patents related to, in the same family as, and sharing a common specification with, the patents in EROAD's present declaratory action. Babayi Decl. at ¶ 4; s*ee* Exhibit B. In October 2016 and December 2016, PerDiemCo filed two more patent infringement lawsuits in the Eastern District of Texas, Marshall Division. *Perdiem Co, LLC v. Geotab Inc.,* (2:16-cv-01203) (Dec. 13, 2016); *Perdiem Co, LLC v. Telular Corp., LLC*, (2:16-cv-01408) (May 7, 2018). These two additional 2016 cases (collectively "2016 Litigation") involved three of the same patents[2] at issue in the instant case. Babayi Decl. at ¶¶ 4, 9. All of the patents in this case, including the remaining eight patents, belong to the same family of patents as the patents in the May 2015, July 2015, and 2016 Litigations. *Id.* at ¶ 4; *see* Exhibit B. They each share the same, common specification. *Id.* at ¶ 4.

During the course of these prior litigations, Defendants to the 2015 and 2016 Litigations filed *inter partes* review ("IPR") petitions with the Patent Trial and Appeals Board seeking to invalidate various claims of the asserted patents. Babayi Decl. at ¶ 9. During these *inter partes* review proceedings, PerDiemCo disclaimed certain claims, the PTAB found certain claims unpatentable, and certain of the *inter partes* review petitions were abandoned prior to trial at the PTAB. *Id.* Notably, of the eleven patents identified in EROAD's Declaratory Complaint in the

---

[2] U.S. Patent Nos. 8,149,113; 9,319,471; and 9,485,314.

instant case, three IPRs were instituted[3] but ultimately dismissed with no Final Written Decision being entered. The PTAB did not issue a Final Written Decision in any *inter partes* review proceeding involving any of the patents identified in EROAD's declaratory judgment Complaint. Babayi Decl. at ¶ 9.

All of these prior actions, both in the Eastern District of Texas and before the PTAB, have been resolved at this time. Babayi Decl. at ¶ 10. Following the disposition in each of the cases, PerDiemCo continued prosecuting additional applications in the same family of patents. PerDiemCo sought to address and resolve issues presented by the additional prior art developed during the course of 2015 and 2016 Litigations. All of PerDiemCo's patents claim priority to the same original application and each shares a common specification. Babayi Decl. at ¶ 4. The USPTO has agreed that the subject matter of these additional applications is patentable over these prior art references and PerDiemCo has secured several new patents.

In the intervening years, PerDiemCo also identified additional potential infringers of these new patents based on the same original specification. None of these additional patents was involved in the 2015 and 2016 Litigations. EROAD is among these potential infringers.

On July 12, 2018, PerDiemCo sent a letter to EROAD, noting that EROAD was infringing several of PerDiemCo's patents and offering EROAD a license under PerDiemCo's patent portfolio. Complaint at ¶ 11. PerDiemCo provided EROAD claim charts for the patents at issue and engaged in discussions and other communications with EROAD through January 11, 2019. Complaint at ¶¶ 11-16.

---

[3] The Board instituted *inter partes* review on certain claims of U.S. Patent Nos. 9,319,471; and 9,485,314, and 9,621,661. *See Telular Corp. v. PerdiemCo LLC*, No. IPR2017-00968 (PTAB Sep. 20, 2016) *Telular Corp. v. PerdiemCo LLC*, No. IPR2017-00973 (PTAB Sep. 20, 2017); *Telular Corp. v. PerdiemCo LLC*, No. IPR2017-01269 (PTAB Sep. 20, 2017).

4

Instead of responding to PerDiemCo's license offer, EROAD sued for a declaration that PerDiemCo's patents are not infringed. *See generally* Complaint. EROAD is a New Zealand corporation with facilities in Oregon State. Complaint at ¶ 4. Oddly, EROAD chose to sue in this judicial district. *Id.* PerDiemCo maintains its principal place of business in Marshall, Texas. Babayi Decl. at ¶ 6. At the time this action was filed, PerDiemCo's registered agent for the service of process was located in Austin, Texas. Babayi Decl. at ¶ 5.

PerDiemCo has no offices in West Texas. Babayi Decl. at ¶ 7. It has no employees in this judicial district, no facilities in this judicial district, and conducts no business activities in this judicial district. *Id.* Nor did PerDiemCo direct any of its communications regarding licensing the PerDiemCo patents to EROAD in this district. *Id.* PerDiemCo's July 12 letter was mailed to EROAD in Oregon. Babayi Decl. at ¶ 11. No letter or other notice has ever been sent to any current or potential licensee in this judicial district. Babayi Decl. at ¶ 7. There would have been no reason to, as EROAD is not based here and has no facilities here. Neither party resides nor conducts business in the Western District of Texas. Babayi Decl. at ¶ 6; Complaint at ¶ 4.

## III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(3) provides that a party may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). Once raised, the plaintiff bears the burden of demonstrating that the chosen venue is proper. *Zurich American Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 719 (W.D. Tex. 2013). A finding of improper venue triggers the statutory requirement of 28 U.S.C. § 1406(a) which provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district **shall** dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Judicial efficiency is "a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen II*"). *See also Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("[I]n a case such as this, in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues."); *West Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985). And, judicial efficiency favors transfer where a court has become familiar with the technical subject matter by presiding over previous cases. *MGM Well Servs., Inc. v. Prod. Control Servs., Inc.*, 2010 WL 11553307, at *2 (E.D. Tex. Nov. 22, 2010) (citing *C2 Commc'ns Techs., Inc. v. PAETEC Corp.*, 2009 WL 5204266, at *3 (E.D. Okla. Dec. 22, 2009) (transferring case due to transferee district's experience with prior case involving the same patent)).

## IV.  ARGUMENT

### A.   This Case Should Be Transferred Under § 1406(a) to the Eastern District of Texas Because Venue is Improper in the Western District of Texas

#### 1.   Venue is Improper in This Judicial District

An action for declaratory judgement alleging non-infringement is governed by the general venue statute, 28 U.S.C. § 1391. See *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Section 1391(b) provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendant are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

28 U.S.C. § 1391(b).

6

None of the events giving rise to this case occurred in this judicial district. For purposes of § 1391(b)(1), the determination regarding in which district of a State having multiple districts a corporate defendant "resides" turns on personal jurisdiction. A corporate defendant is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate state* . . ." § 1391(d) (emphasis added). PerDiemCo does not "reside" in this judicial district unless, were the Western District hypothetically considered a separate state, PerDiemCo has sufficient contacts with the Western District of Texas that the Western District may properly exercise personal jurisdiction. *See 800 Adept, Inc. v. Enter. Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 569 (E.D. Tex. 2008) (determining that in order to establish proper venue in the multi-district state of Texas, Plaintiff was required to prove that the defendant, a limited liability company, was subject to personal jurisdiction in the Eastern District of Texas). PerDiemCo does not reside in the Western District of Texas because, when considered as a separate state, the Western District of Texas does not have personal jurisdiction over PerDiemCo.

This requirement of § 1391(b)(1) that the contacts with the district must be sufficient for venue purposes under the general venue statute is entirely consistent with the Supreme Court's decision in *TC Heartland v. Kraft Foods Grp. Brands LLC*, which held that "reside[nce]" as used in § 1400(b) referred to the State of incorporation as applied to domestic corporation. 137 S. Ct. 1514 (2017) (citing *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957). Since *T.C. Heartland*, the Federal Circuit has held that the Supreme Court's interpretation of "residence," as used in § 1400(b) "does not imply that venue is thereby proper in every district within the state of incorporation. The better reading of *Fourco* is that the Court simply did not address the corporate venue at the district level of granularity." *In re BigCommerce, Inc.*, 890

F.3d 978, 984 (Fed. Cir. 2018). Instead, it "set a *necessary but not necessarily sufficient* condition for corporate residence for venue under § 1400(b)." *Id.* (emphasis original). Moreover, the Federal Circuit affirmed its decision in *Shaw*, "which stands for the proposition that incorporation in the state, while satisfactory for venue in single-district states, *is not a sufficient condition in cases where the state is divided into multiple districts*." *Id.* (citing *Shaw v. Quincy Mining Co.*, 145 U.S. 444 (1892) (emphasis added)).

The inquiry into whether PerDiemCo resides in the Western District of Texas, thus, turns on whether PerDiemCo's contacts with this District are sufficient to establish personal jurisdiction. Indeed, "a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where the suit was brought to show venue was proper." *Broadway Nat'l Bank*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016) (quoting *Garnet Digital, LLC v. Apple, Inc.*, 893 F.Supp.2d 814, 815 (E.D. Tex. 2012)); *id.* (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) ("The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'"); *see e.g., Broadway Nat'l Bank*, 173 F. Supp. 3d at 469 (determining that in order to establish proper venue in the multi-district State of Texas, Plaintiff was required to prove that the defendant, a Texas limited liability company, was subject to personal jurisdiction in the Western District of Texas).

PerDiemCo's contacts with this judicial district are virtually nonexistent. For example, PerDiemCo has no offices in the Western District of Texas. Babayi Decl. at ¶ 7. PerDiemCo has no employees in the Western District of Texas. *Id.* It has no facilities in this judicial district. *Id.* It has no inventory or equipment in this judicial district. *Id.* No officer or employee of PerDiemCo has ever travelled to the Western District of Texas for the purpose of conducting business of any

kind of the behalf of PerDiemCo, much less with respect to Plaintiffs. *Id.* It did not send any letters offering a license or notifying EROAD of potential infringement to this judicial district. *Id.* Nor has it filed any lawsuits in this judicial district. *Id.*

PerDiemCo's sole connection with this District is that its registered agent for service of process is located in Austin, a division of this District. Babayi Decl. at ¶ 5. As a matter of law, this is insufficient to establish personal jurisdiction over PerDiemCo. *In re BigCommerce,* 890 F.3d at 984. The Fifth Circuit has held that the designation of an agent for service of process and registration to do business in the State of Texas alone, without more, does not satisfy the constitutional requirements for establishing personal jurisdiction over a defendant. *See Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) ("Because the registration of an agent for receipt of process does not establish general jurisdiction, . . . appellants have not shown how any further inquiry into the relationship between BMG and Bertelsmann, Inc. would impact the district court's [dismissal for lack of personal jurisdiction]") (internal citations omitted); *Wenche Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 182-83 (5th Cir. 1992) ("[T]his Court has found [no cases] that support[] the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction. . . . Not only does the mere act of registering an agent not create [defendant's] general business presence in Texas, it also does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter.*"*).

PerDiemCo does not dispute that venue is proper in at least one judicial district in Texas, the Eastern District of Texas. Venue is improper in *this* judicial district because PerDiemCo's contacts with the Western District of Texas are not sufficient to subject it to personal jurisdiction if this District *were a separate state*. *See* § 1391(d) (emphasis added).

Venue is also improper under 1391(b)(2) because a "substantial" part of the events giving rise to the claim for a declaratory judgment action did not occur in this judicial district. The event that gave rise to EROAD's claim for declaratory judgement is the ownership and existence of the patents at issue. *See Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025, 1027 (E.D. Mich. 1993) ("The case at hand seeks declaratory judgment as to certain patent rights. . . .The transaction at issue here is essentially the granting, in Washington, D.C., of a patent."); *Broadway Nat'l Bank*, 173 F. Supp. 3d at 479 ("[T]he source of the cause of action for non infringement is the ownership and existence of the copyright or patent.") (citing *Modern Comput. Corp. v. Ma*, 862 F.Supp. 938, 947 (E.D.N.Y. 1994)).

Communication between EROAD and PerDiemCo regarding enforcement of the patents-at-issue do not constitute a "substantial" part of the events giving rise to the claim for a declaratory judgment action. *see Broadway Nat'l Bank*, 173 F. Supp. 3d at 479 ("[The letter] notifying the Plaintiff of potential infringement and to offer to negotiate a non-exclusive license is not ***the event*** giving rise to the declaratory claims."); *Mi-Jack Prods., Inc. v. Taylor Grp., Inc.*, 1997 WL 441796, at *7 (N.D. Ill. July 30, 1997) (finding that § 1391(b)(2) was inapplicable where the patentee defendant sent a cease-and-desist letter to the plaintiff in the forum state). Even if it were, the July 12, 2018 Letter to EROAD was neither sent to nor from this judicial district. The letter was mailed to EROAD in Oregon. Babayi Decl. at ¶ 11.

Venue is improper in this judicial district because PerDiemCo does not reside here nor did a "substantial" part of the events giving rise to the claim for a declaratory judgment action occur here.

### 2.    The Interests of Justice Compel Transfer to the Eastern District of Texas

A finding of improper venue triggers the statutory requirement of 28 U.S.C. § 1406(a) which states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or *if it be in the interest of justice, transfer* such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). This case is a prime candidate for transfer to the Eastern District of Texas. Not only is venue proper there, judicial efficiency strongly favors transfer to the Eastern District. *See Broadway Nat'l Bank*, 173 F. Supp. 3d at 469 (transferring action for declaratory judgement from the Western District of Texas to the Eastern District of Texas where the transferor court lacked personal jurisdiction over a defendant registered to do business in Texas and the transferee court was involved in litigation related to certain patent-at-issue).

### a.    This Case Could Have Been Brought in the Eastern District of Texas

Pursuant to § 1406(a), the threshold determination for venue transfer analysis is whether the action could have been filed in the transferee judicial district. 28 U.S.C. §1406(a). This case could have been brought in the Eastern of District of Texas because PerDiemCo resides in the Eastern District. Babayi Decl. at ¶ 6. The Eastern District of Texas has personal jurisdiction over PerDiemCo. PerDiemCo's principal place of business is in Marshall, Texas, in the Eastern District. *Id.*

### b.    Judicial Economy Compels Transfer Because the Eastern District of Texas is Intimately Familiar With the Subject Matter of the Patents at Issue

Judicial economy is of critical importance in determining whether transfer is in the interest of justice. *XY, LLC v. Trans Ova Genetics, LC*, 2017 WL 5505340, at *14 (W.D. Tex. Apr. 5, 2017) ("At the end of the day, judicial economy plays a paramount role in trying to

maintain an orderly, effective, administration of justice"). Moreover, "in a case such as this in which several highly technical factual issues are presented . . . the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Regents of the Univ. of Cal.,* 119 F.3d at 1565; s*ee Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 736 (E.D. Tex. 2005) (transferring case and noting that "duplication of [the judge's] efforts would be wasteful of judicial resources and detrimental to judicial economy," where the judge had reviewed tutorials on the technology at issue, conducted claim construction proceedings, issued claim construction orders, considered motions for summary judgment, and prepared jury instruction); *XY, LLC,* 2017 WL 5505340, at *16 (transferring case and rejecting plaintiff's argument that the degree of overlap between the technology at issue in the present litigation with the prior litigation would be of little impact to the efficiency of litigation).

All the PerDiemCo patents are based on the same common specification.[4] Babayi Decl. at ¶ 4. Magistrate Judge Payne and Chief Judge Gilstrap have already invested substantial judicial time and resources in the subject matter of the patents-at-issue in this action.

Judge Payne presided over a Markman hearing and issued a claim construction order regarding eighteen claim terms, many of which will also need to be construed in this Declaratory action. *PerdiemCo LLC v. GPS Logic LLC*, No. 2:15-cv-1216, Dkt. No. 107 (E.D. Tex. Jul. 27, 2016). These terms include: "[location] information sharing system" and "[plurality of] [location] information sharing environment(s);" "varying levels of administrative privileges;" "levels of location information access privilege;" "first level of administrative privilege" and "second level of administrator privileges;" "first user identification code," second user

---

[4] In its reply to the July 12 Letter, EROAD concedes that "[e]ach of the PDC Patents is in the same family, related as continuations sharing identical specifications, or as divisionals sharing nearly identical specifications. *See* Exhibit C.

identification code," and "third user identification code;" "different;" "plurality of user codes;" "information access code;" "access control code;" mobile object identification code;" "mobile object identification code;" "user defined zones;" "event information defined by the first user;" "authorize a second computing device to convey a location information;" "is used to access;" "by specifying one or more levels of location information access privilege for at least one authorized user in each user group;" "associate;" and "adapted to determine." *Id.* This list is not exhaustive of all the claim terms in dispute.[5]

In *IndusTrack,* Judge Payne addressed certain steps recited in the claims including: "associate with," "associates," "to associate one or more users that use the plurality of location information sharing environment[s] with each one of the plurality of user groups," and "associate at least one user identification code with each one of a plurality of group identification codes;" "authorizes a first user;" "to access an object location information from a location information source;" "specified by said first user;" "to define a relationship of an information package" and "to define an information package access code;" and "are used to specify." *PerdiemCo LLC v. IndusTrack, LLC,* No. 2:15-cv-0727, Dkt. No. 155 (E.D. Tex. Jul. 7, 2016)

The Order further addressed defendants contentions that certain groups of claim terms were indefinite, including: "user identification codes" and "authorized user identification code;" "user codes," "first user code," and "privileged user code;" "group identification codes;" "information access code" and "information package access code;" "access control codes," "access control codes requiring multiple levels of access control," and "access control codes

---

[5] Judge Payne also construed the following claim terms in *IndusTrack:* "information-sharing system," "information-sharing environment(s)," and "location information sharing environment(s);" "varying levels of administrative privilege(s);" "user" and "authorized user;" "administrator;" "conveyance . . . is managed based on an access list." No. 2:15-cv-00727 (E.D. Tex. Jul 7, 2016).

associated with the plurality of authorized user identification codes;" "levels of location information access privilege;" "grouping configurations;" as well as the general concept of Conveying or Managing Conveyance Based on Something other than Information Access Codes. *Id.* Judge Payne also ruled on means-plus-function claim terms. *Id.*

In addition to claim construction issues, the Eastern District of Texas adjudicated, over the course of three years, a host of issues involving the PerDiemCo family of patents based on the same, common specification. Judge Payne ruled on discovery and summary judgment motions, handled all pretrial matters, and presided over jury selection. Indeed, as part of those actions, the Court in the Eastern District, Marshall Division issued Orders related to standing and ownership; claim construction, validity under 35 U.S.C. § 112 ¶¶ 1 and 2, subject matter eligibility under 35 U.S.C. § 101, motions for summary judgment regarding expert witnesses, as well as numerous issues related to discovery and pretrial issues. *See* Exhibit D-1.

The *IndusTrack* case in the Eastern District of Texas progressed to the point that a jury was seated and the case was ready to be tried. *Id.* at Dkt. No. 287 (minute entry for jury selection). Following jury selection, PerDiemCo participated in pretrial conferences with Judge Payne. *Id.* at Dkt. No. 300. Ultimately, the cases settled on the eve of trial. *Id.* at Dkt. No. 305 (order granting joint motion to stay all deadline).

In view of the substantial activity that has already occurred with respect to this family of patents, transfer would avoid the substantial waste of judicial resources and the risk of inconsistent decisions. And although not every one of the specific patents at issue in this case was involved in the *GPS Logic and IndusTrack* suits, they are all based on the same, common specification. Judicial economy would best be served by transfer in view of the overlap inherent among related patents deriving from the same specification. *See Peak Completion Techs. Inc. v.*

*I-TEC Well Sols., LLC*, 2013 WL 12121002, at *3 (W.D. Tex. June 26, 2013) (transferring case to the court that presided over prior litigation involving the parent of the patent-at-issue because of the presiding judge's familiarity with many of the claims of the parent patent).

In the instant case, a transfer to the Eastern District of Texas would serve judicial economy because the patents at issue here involve similar technological subject matter deriving from an identical specification. This is particularly important because, under *Phillips*, the intrinsic evidence, which includes the specification and prosecution histories of related patents, serves as the principal source for claim construction. *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

Judicial economy is not undermined by EROAD's absence from the prior litigations. The issue is judicial economy, not collateral estoppel. Rather, the prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible, even in circumstances where a party was not involved in the prior litigation. *See Logan v. Hormel Foods Corp.*, 2004 WL 5216126 (E.D. Tex. 2004) (transferring case where judicial economy favored transfer to the court involved in a prior litigation, despite noting that the prior case involved a different defendant); *DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591 (N.D. Tex. 2003) (transferring a case to the district court that presided over litigation involving the same patents but different defendants).

Transfer not only eliminates the need for this District to expend substantial time reconsidering a variety is issues that were already resolved in the 2015 and 2016 Litigations, it preserves the proposed transferee court's familiarity with the patents and technology surrounding these inventions. The Eastern District of Texas has carefully examined the common specification and considered expert reports relating to the patented technology and is intimately familiar with

many of these issues likely to arise in this case. *See PerdiemCo LLC v. GPS Logic LLC*, No. 2:15-cv-1216; *PerdiemCo, LLC. v. IndusTrack LLC*, No. 2:15-cv-00727. Accordingly, the Eastern District court is best-situated to try the issues raised in this case. EROAD's request that this Court consider and adjudicate these same issues would be duplicative and a waste of judicial resources.

Accordingly, the interest of judicial economy warrants transfer to the Eastern District of Texas, Marshall Division.

### B. Alternatively, This Case Should Be Transferred Under § 1404(a) to the Eastern District of Texas For Convenience

Even if venue were appropriate in the Western District of Texas—and it is not—it is appropriate to transfer this case to the Eastern District for convenience. 28 U.S.C. § 1404(a). The Fifth Circuit has held that transfer is appropriate when the moving party demonstrates "good cause" that "the transferee venue is clearly more convenient . . ." *Volkswagen II,* 545 F.3d at 312. While courts weigh case-specific factors in the § 1404(a) analysis, "at the end of the day, judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *XY, LLC,* 2017 WL 5505340 at *14. *See J2 Glob. Commc'ns, Inc. v. Protus IP Sols.,* 2008 WL 5378010, at *5 (E.D. Tex. Dec. 23, 2008) ("transfer is most appropriate when one court has extensive familiarity with the technology or the legal issues involved, a claim construction opinion has been prepared, and the cases involve the same or similar defendants with the same or similar products."); *XY, LLC,* 2017 WL 5505340, at *16 (transferring case and noting that "[t]he efforts expended by the [transferee court] to become familiar with the technology at issue weigh extensively in favor of transfer [from the Western District of Texas, Waco Division] where a final judgement was issued in the prior litigation.").

In the instant case, transferring this case to the Easter District of Texas for convenience is appropriate because Magistrate Judge Payne and Chief Judge Gilstrap have already expended substantial time and resources becoming educated on the patents and the technology. *See* Section IV(A)(2), *supra*. Absent transfer, this Court would be required to duplicate much, if not all, of the effort already expended by the Eastern District of Texas. This would waste judicial resources.

While a case should not be transferred simply to shift burdens of inconvenience from a defendant to a plaintiff, EROAD has virtually no connection to this district, and its choice of forum is entitled to little deference. *See generally Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005). That EROAD chose to file in this District does not outweigh the substantial efficiency and conservation of judicial resources that would result from transferring this case to the Eastern District in Marshall.

PerDiemCo requests that this Court transfer this case to the Eastern District of Texas, Marshall Division, for convenience under § 1404(a).

## V.    CONCLUSION

Pursuant to 28 U.S.C. §§ 1391(d), PerDiemCo does not reside in the Western District of Texas and venue is improper in this judicial district. PerDiemCo does reside in the Eastern District of Texas, in Marshall. And the Marshall court already has substantial experience with the subject matter of these patents. PerDiemCo respectfully requests that the Court transfer this case to the Eastern District of Texas under to §1406(a), or, alternatively, under § 1404(a) for convenience.

Dated: March 22, 2019                 Respectfully Submitted,

By: _/s/ John P. Palmer_____

John P. Palmer
Texas Bar No. 15430600
palmer@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Ave., Suite 800
P.O. Box 1470
Waco, Texas 76703
Telephone: (254) 755-4100
Facsimile: (254) 754-6331

Patrick J. Coyne
*Pro Hac Vice Motion to be Filed*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant
PerDiemCo, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for PerDiemCo, LLC has conferred with counsel for EROAD in a good faith effort to resolve the matter presented herein. Counsel for EROAD opposes the instant motion.

By:  */s/ John P. Palmer*
  John P. Palmer

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") all counsel of record who have appeared in this case.

Respectfully Submitted,

By:  */s/ John P. Palmer*
  John P. Palmer