IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EROAD LIMITED and EROAD INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERDIEMCO, LLC <br><br> Defendant. | Civil Action No. 6:19-cv-26-ADA <br><br> **JURY TRIAL DEMANDED** |

## MOTION OF PERDIEMCO, LLC TO DISMISS

Now comes the Defendant PerdiemCo LLC ("PerDiem") and moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing the claims of Eroad Ltd. and Eroad, Inc. (collectively "Eroad") for failing to state a cause of action of non-infringement. The declaratory judgement complaint filed by Eroad includes 11 counts alleging non-infringement of 11 PerDiem patents, but fails to identify which Eroad products are alleged to not infringe, fails to identify which claims of the challenged patents are not infringed, and fails to identify the claim elements Eroad's products allegedly lack. Eroad's complaint fails to provide meaningful notice of the allegations being made. Accordingly, PerDiem moves this Court for an Order dismissing Eroad's present claims. A proposed Order is attached.

**A.    Argument**

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

1

what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs cannot satisfy this standard, however, with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* Instead, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* To meet this standard, a complaint must state a claim that is plausible on its face. *Id.* at 570. A claim is plausible when the plaintiff pleads enough factual content that the court may reasonably draw the inference that relief sought is proper. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co*., 324 F.3d 761, 765 (4th Cir. 2003).

      Historically, patent pleadings were evaluated for sufficiency by comparing the pleading to that found in Form 18 of the Federal Rule of Civil Procedure.[1] That standard came under fire because it was not clear that the bare bones recitations found in Form 18 met Rule 8(a) muster after *Twombly* and *Iqbal*. Patent pleadings have been held to a higher standard in light of those two decisions. Specifically patent pleadings must now demonstrate which claims are infringed by what products and how those claims are infringed. *See Macronix Intern. Co., LTD v. Spansion Inc*., 4 F.Supp.3d 797, 803 (E.D. Va. 2014). Critically, declaratory judgment complaints alleging non-infringement must also meet the higher *Twombly*/*Iqbal* standards. "Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint." *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. CV 12-1461-LPS-CJB, 2017 WL 239326, at *3 (D. Del. Jan.

---

[1] Form 18 was abrogated in 2015 and all patent pleadings filed after December 1, 2015 are subject to the normal pleading standards of Rule 8(a). *See* Order Amending Fed. R. Civ. P. (U.S. Apr. 29, 2015).

19, 2017); *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 348 (E.D. Pa. 2016); *Crye Precision LLC v. Duro Textiles, LLC*, 112 F. Supp. 3d 69, 79 (S.D.N.Y. 2015); *The Beer Barrel, LLC v. Deep Wood Brew Prods*., LLC, 2016 WL 5936874 at *4-5 (October 12, 2016 D. Utah) (dismissing declaratory judgment non-infringement claim for lack of factual support). Thus, "to survive a motion to dismiss, counterclaims for declaratory judgment of non-infringement and invalidity must meet the pleading requirements set forth in *Iqbal* and *Twombly*." *SecurityProfiling, LLC v. Trend Micro America, Inc*., No. 6:26-cv-01165-RWS-JDL, 2017 WL 5150682, *4 (E.D. Tex. March 21, 2017) (*citing Princeton*, 2017 WL 239326, at *3; *Elec. Commc'n Techs., LLC v. Clever Athletics Co., LLC*, No. 9:16-CV-81466-WPD, 2016 WL 7409710, at *3 (S.D. Fla. Dec. 19, 2016); *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, No. 6:15-CV-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016); *Crye*, 112 F. Supp. 3d at 79–80. The *Iqbal* and *Twombly* pleading requirements are met if the counterclaims allege sufficient facts to make out a plausible claim. *Princeton*, 2017 WL 239326, at *5–6; *RAH Color*, 194 F. Supp. 3d at 350–353; *Elec. Commc'n*, 2016 WL 7409710, at *3.

The Complaint Eroad filed here falls short of the mark. Although that Complaint includes numerous headers, all purporting to state a Count of non-infringement, not one of those Counts include a numbered paragraph actually asserting non-infringement of any claim by any product. Rather, as to its allegation of non-infringement of the '314 patent, Eroad simply pleads:

> EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '314 patent, either literally or under the doctrine of equivalents.

[Dkt. 1, p. 7]. That is as substantive as Eroad's pleading gets. The same conclusory language is used as the basis for each and every one of Eroad's 11 counts of "non-infringement." No

3

products are identified in Eroad's pleading.  No claims are identified.  No allegedly missing claim element is identified.  Eroad's Complaint leaves PerDiem and this Court simply guessing at what Eroad's eleven causes of action might be.

Eroad's pleadings are insufficient as both a factual and a legal matter and more detail is required.  Eroad brought this action, they need to identify what does not infringe and why they contend that no infringement has occurred.   Accordingly, PerDiem respectfully requests an Order dismissing Eroad's purported non-infringement claims.  A complaint based on nothing more than conclusory allegations of non-infringement is insufficient as a matter of law – more is required.  *See SecurityProfiling*, 2017 WL 5150682, *4.

| | |
|---|---|
| Dated:  September 30, 2019 | Respectfully submitted, |
| | */s/ James D. Berquist* <br> John P. Palmer <br> Texas Bar No. 15430600 <br> palmer@namanhowell.com <br> NAMAN, HOWELL, SMITH & LEE, PLLC <br> 400 Austin Ave., Suite 800 <br> P.O. Box 1470 <br> Waco, Texas 76703 <br> Telephone: (254) 755-4100 <br> Facsimile: (254) 754-6331 |
| | James D. Berquist <br> Donald L. Jackson <br> DAVIDSON BERQUIST JACKSON & GOWDEY, LLP <br> 8300 Greensboro Drive, Suite 500 <br> McLean, Virginia 22102 <br> Telephone: (571) 765-7700 <br> Facsimile: (571) 765-7200 |

Patrick J. Coyne
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

*Attorneys for PerDiemCo, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") all counsel of record who have appeared in this case.

By: */s/James D. Berquist*
James D. Berquist