**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| **EROAD LIMITED and EROAD INC.,** | ) ) ) | |
| *Plaintiffs,* | ) ) | Case No. 6:19-cv-00026-ADA |
| v. | ) ) | |
| **PERDIEMCO, LLC,** | ) ) | |
| *Defendant.* | ) ) | |

**PERDIEMCO'S ANSWER, DEFENSES AND COUNTERCLAIMS**

PerDiemCo, LLC ("PerDiem") hereby answers the complaint of plaintiffs Eroad Limited and Eroad Inc. (collectively "Eroad"), subject to and without waiving PerDiem's Motion to Dismiss [Doc. 35], and pleads its defenses and counterclaims as follows:

**NATURE OF THE ACTION**

1.      PerDiem is the assignee and owner of the patents identified in this paragraph and thus denies that it only "purports" to be the assignee of those patents.  PerDiem admits the remainder of this paragraph.

2.      PerDiem admits that it has communicated its belief that Eroad infringes on PerDiem's patent rights, that it has communicated its intention to stop that infringement to Eroad, and that Eroad seeks a declaration of its legal rights, but PerDiem denies that Eroad is entitled to any such declaration and PerDiem specifically denies Eroad's allegation that it does not infringe and has not infringed PerDiem's patents.

3.      Admitted.

4.      Admitted.

1

5.      Admitted.

6.      PerDiem admits that Eroad purports to plead an action arising under the patent laws of the United States.

7.      Admitted.

8.      PerDiem denies that venue is proper in this district but admits the remainder of this paragraph.

9.      PerDiem denies Eroad's allegation that it does not infringe and has not infringed PerDiem's patents, denies Eroad's allegation that Eroad has any right to engage in the complained-of activity, and denies that there is a case or controversy as to United States Patent Numbers 8,149,113 ("the '113 patent") and 9,319,471 ("the '471 patent") because PerDiem does not accuse Eroad of infringing either patent, but admits the remaining allegations of this paragraph.

10.      PerDiem is the assignee and owner of the patents identified in this paragraph and thus denies that it only "purports" to be the assignee of those patents.  PerDiem admits the remainder of this paragraph.

11.      PerDiem admits that it corresponded with Eroad's CEO Steven Newman on July 12, 2018 with regard to the PerDiem patents, but denies that the select quotes from that letter accurately represent PerDiem's correspondence.

12.      PerDiem admits that it corresponded with Eroad's outside counsel on July 26, 2018 with regard to the PerDiem patents, but denies that the select quotes from that letter accurately represent PerDiem's correspondence.

13.     PerDiem admits that it and Eroad's counsel exchanged communications on July 27, 2018 with regard to the PerDiem patents, but denies that the select quotes from those communications accurately represent the entirety of the communication.

14.     PerDiem admits that Mr. Babayi sent an email to Mr. Sacksteder on October 11, 2018 that included a claim chart for claims 1-5 and 14 of the '189 patent which mapped those claims on Eroad's product offering, but denies that the select quotes from those communications accurately represent the entirety of the communication.

15.     Admitted.

16.     Admitted.

**FIRST CAUSE OF ACTION**

17.     PerDiem hereby incorporates its responses to paragraphs 1 through 16, inclusive, as though fully set forth here.

18.     Denied.

19.     Denied on the grounds that PerDiem is not accusing Eroad of infringement of the '113 patent.

20.     Denied.

**SECOND CAUSE OF ACTION**

21.     PerDiem hereby incorporates its responses to paragraphs 1 through 20, inclusive, as though fully set forth here.

22.     Denied.

23.     Admitted.

24.     Denied

**THIRD CAUSE OF ACTION**

3

25.     PerDiem hereby incorporates its responses to paragraphs 1 through 24, inclusive, as though fully set forth here.

26.     Denied.

27.     Admitted.

28.     Denied.

### FOURTH CAUSE OF ACTION

29.     PerDiem hereby incorporates its responses to paragraphs 1 through 28, inclusive, as though fully set forth here.

30.     Denied.

31.     Admitted.

32.     Denied.

### FIFTH CAUSE OF ACTION

33.     PerDiem hereby incorporates its responses to paragraphs 1 through 32, inclusive, as though fully set forth here.

34.     Denied.

35.     Admitted.

36.     Denied.

### SIXTH CAUSE OF ACTION

37.     PerDiem hereby incorporates its responses to paragraphs 1 through 36, inclusive, as though fully set forth here.

38.     Denied

39.     Admitted.

40.     Denied.

## SEVENTH CAUSE OF ACTION

41.     PerDiem hereby incorporates its responses to paragraphs 1 through 40, inclusive, as though fully set forth here.

42.     Denied.

43.     Admitted.

44.     Denied.

## EIGHTH CAUSE OF ACTION

45.     PerDiem hereby incorporates its responses to paragraphs 1 through 44, inclusive, as though fully set forth here.

46.     Denied.

47.     Admitted.

48.     Denied.

## NINTH CAUSE OF ACTION

49.     PerDiem hereby incorporates its responses to paragraphs 1 through 48, inclusive, as though fully set forth here.

50.     Denied.

51.     Admitted.

52.     Denied.

## TENTH CAUSE OF ACTION

53.     PerDiem hereby incorporates its responses to paragraphs 1 through 52, inclusive, as though fully set forth here.

54.     Denied.

55.     Admitted.

56.    Denied.

## ELEVENTH CAUSE OF ACTION

57.    PerDiem hereby incorporates its responses to paragraphs 1 through 56, inclusive, as though fully set forth here.

58.    Denied.

59.    Denied on the grounds that PerDiem is not accusing Eroad of infringing the '471 patent.

60.    Denied.

## JURY DEMAND

Eroad's demand for a jury trial does not require a response.

## PRAYER FOR RELIEF

PerDiem denies that Eroad is entitled to any of the relief requested in their complaint or any relief whatsoever.  PerDiem denies all allegations in the Eroad complaint that have not been specifically admitted in paragraphs 1-60 above.

## ADDITIONAL DEFENSE

PerDiem asserts the following additional defense to the complaint filed by Eroad.  In doing so, PerDiem does not assume any burden of proof on any issue that is Eroad's burden as a matter of law.  PerDiem also reserves the right to amend or supplement these defenses as additional facts become known.

## PERDIEM'S FIRST DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

The Eroad complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.  The Eroad complaint fails to identify any claim of any patent allegedly not infringed.  The Eroad complaint further fails to identify any element of any claim of a

challenged patent that does not find correspondence with a product or service offered by Eroad. PerDiem incorporates as if fully set forth herein PerDiem's Motion to Dismiss filed on September 30, 2019 [Doc. 35].

**PERDIEM'S SECOND DEFENSE:  GOOD FAITH**

PerDiem has engaged in all relevant activities in good faith, thereby precluding Eroad, even if they prevail, from recovering their reasonable attorney' fees or costs under 35 U.S.C. § 285.

**PERDIEM'S PATENT INFRINGEMENT COUNTERCLAIMS**

PerDiem LLC ("PerDiem") files this Counterclaim Complaint against plaintiffs, counterclaim defendants, Eroad Limited and Eroad Inc. (collectively "Eroad"), and alleges the following:

**NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, involving infringement of patents-in-suit identified by U.S. Patent Nos. 9,954,961 ("the '961 patent"), 10,104,189 ("the '189 patent"), 9,485,314 ("the '314 patent"), 9,621,661 ("the '661 patent"), 10,021,198 ("the '198 patent"), 10,171,950 ("the '950 patent"), 10,148,774 ("the '774 patent"), 10,277,689 ("the '689 patent"); 9,680,941 ("the '941 patent"); 9,871,874 ("the '874 patent"), 10,284,662 ("the '662 patent"), 10,382,966 ("the '966 patent"), and 10,397,789 ("the '789 patent") (collectively the "PerDiem patents-in-suit" or the "asserted patents").

**THE PARTIES**

2. Plaintiff PerDiemCo, LLC ("PerDiem") is a Texas limited liability company

7

with its principal place of business at 505 East Travis Street, Suite 205, Marshall, TX 75670.

3.     On information and belief, Eroad Limited is a corporation organized and existing under the laws of New Zealand, with its principal place of business at Level 3, 260 Oteha Valley Road, Albany, Aukland, New Zealand.

4.     On information and belief, Eroad, Inc. is a corporation organized and existing under the laws of Oregon, with its principal place of business at 7618 SW Mohawk Street, Tualatin, Oregon 97062.

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this District under 28 U.S.C. §1400(b) and Eroad Limited and Eroad, Inc. (collectively "Eroad") has consented to jurisdiction and venue in this District by filing a declaratory judgment action against PerDiem in this District.

6.     Defendants have purposefully availed themselves of this jurisdiction by bringing the instant action in this District.

7.     Defendants maintain continuous and systematic contacts within this District by selling and offering for sale products and services to customers within this District, and by offering for sale products and services that are used within this District.

8.     This Court has specific personal jurisdiction over Defendants pursuant to due process and the Texas Long Arm Statute because Defendants, directly or through intermediaries, have conducted and conduct substantial business in this forum, including but not limited to: (i) engaging in at least part of the infringing acts alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other

8

persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for the reasons set forth above.

## THE TECHNOLOGY AND THE PATENTS IN SUIT

9.      Darrell Diem, the inventor of the patents-in-suit, served in the Air Force for four years as an electronics technician. After being honorably discharged, Mr. Diem worked his way through college to earn degrees in physics and mathematics from Marquette University. Mr. Diem also obtained a Masters of Business Administration from Michigan State University, and a Masters of Arts in Pastoral Ministries from St. Thomas University, Miami, Florida. Mr. Diem has worked for Motorola, Harris Corporation, Time Domain, and other leading technology companies. Mr. Diem currently teaches computers to students at St. John the Baptist Catholic School.

10.      Mr. Diem conceived the inventions in the patents-in-suit when his daughter's car broke down on a long road trip. Mr. Diem wanted to convey location information for his daughter in an efficient way that would still protect her privacy. Mr. Diem's inventions, which have a broad range of significant applications, are widely used today.

11.      The '874 patent, entitled "A Multi-Level Database Management System and Method for an Object Tracking Service That Protects User Privacy," was duly and legally issued by the United States Patent and Trademark Office on January 16, 2018.  A copy of the '874 patent is attached hereto as Exhibit A.

12.      The '689 patent, entitled "Method for controlling conveyance of events by driver administrator of vehicles equipped with ELDs," was duly and legally issued by the United States Patent and Trademark Office on April 30, 2019.  A copy of the '689 patent is

attached hereto as Exhibit B.

13.    The '662 patent, entitled "Electronic logging devices (ELD) for tracking driver of a vehicle in different tracking modes," was duly and legally issued by the United States Patent and Trademark Office on May 7, 2019.  A copy of the '662 patent is attached hereto as Exhibit C.

14.    The '941 patent, entitled, "A Location Tracking System Conveying Event Information Based on Administrator Authorizations," was duly and legally issued by the United States Patent and Trademark Office on June 13, 2017.  A copy of the '941 patent is attached hereto as Exhibit D.

15.    The '966 patent, entitled, "A Computing Device Carried by A Vehicle for Tracking Driving Events in a Zone Using Location and Event Log Files," was duly and legally issued by the United States Patent and Trademark Office on August 13, 2019.  A copy of the '966 patent is attached hereto as Exhibit E.

16.    The '789 patent, entitled, "Method for Controlling Conveyance of Event Information About Carriers of Mobile Device Based on Location Information Received from Location Information Sources Used by the Mobile Devices," was duly and legally issued by the United States Patent and Trademark Office on August 27, 2019.  A copy of the '789 patent is attached hereto as Exhibit F.

17.    The '961 patent, entitled, "Method for Logging Times and Locations of Carriers of Objects or Electronic Logging Devices (ELDS) or Sensor In Identified User Driver or Verhicle Sub-Groups Within A Group or Fleet," was duly and legally issued by the United States Patent and Trademark Office on April 24, 2018.  A copy of the '961 patent is attached hereto as Exhibit G.

18.   The '189 patent, entitled, "Method For Controlling Conveyance Of Event Information Of Electronic Loggin Devices (ELDS)," was duly and legally issued by the United States Patent and Trademark Office on October 16, 2018.  A copy of the '189 patent is attached hereto as Exhibit H.

19.   The '314 patent, entitled, "Multi-Level Privilege Notification System Operated Based On Indoor Location Information Received From A Location Information Sources," was duly and legally issued by the United States Patent and Trademark Office on November 1, 2016.  A copy of the '314 patent is attached hereto as Exhibit I.

20.   The '661 patent, entitled, "Notification System For Occurance Of Group Events Based On Zone And Location Of Mobile Devices," was duly and legally issued by the United States Patent and Trademark Office on April 11, 2017.  A copy of the '661 patent is attached hereto as Exhibit J.

21.   The '198 patent, entitled, "Software-Based Mobile Tracking Service With Video Streaming When Events Occur," was duly and legally issued by the United States Patent and Trademark Office on July 10, 2018.  A copy of the '198 patent is attached hereto as Exhibit K.

22.   The '950 patent, entitled, "Electronic Logging Device (ELD)," was duly and legally issued by the United States Patent and Trademark Office on January 1, 2019.  A copy of the '950 patent is attached hereto as Exhibit L.

23.   The '774 patent, entitled, "Multi-Level Database Management System And Method For An Object Tracking Service That Protects User Privacy," was duly and legally issued by the United States Patent and Trademark Office on January 16, 2018.  A copy of the '774 patent is attached hereto as Exhibit M.

24.   Each of the foregoing patents, referred to collectively as the asserted patents, is

valid and enforceable.

25.     PerDiem is the exclusive owner of all right, title, and interest in each of the asserted patents PerDiem has the right to bring this action to recover damages for any current or past infringement of these patents.  Plaintiff PerDiem has never granted either Eroad entity a license to practice any of the asserted patents.

### PERDIEM'S GEOFENCING PATENTS

26.     The inventions claimed in at least the '874 and '941 patents represent an improvement to location tracking systems.  More specifically, the claims of these patents are directed to an improved location tracking system that tracks locations of a plurality of mobile objects or devices in a network employed to provide a tracking service that sends notifications or alerts after group event conditions which are based on locations of grouped tracked objects are met.

27.     Group event conditions may relate to mobile object/device locations and a zone where the occurrence of an event causes an alert/notification to be sent when grouped vehicles equipped with GPS devices cross a boundary.

28.     The claimed inventions provide an improvement over conventional networks by providing a reliable and efficient way to the service subscribers to track objects and convey the notifications only to authorized recipients.  The claimed inventions provide this benefit by creating multiple levels of administrative privileges and applying multiple levels of access control by checking the privileges.

29.     The multiple levels of administrative privileges includes a first level of administrative privilege used by a system administrator of the tracking service for controlling user membership in groups specified by the administrator and a second level of privilege being

assigned to a second administrator, *e.g.*, a service subscriber, in each group by the system administer for controlling conveyance of the notifications in the corresponding group such that the administrator having the first level of administrative privilege does not exercise the second level of administrative privilege.

30.    Under this claimed structure, the second administrator has complete control over who receives the notifications in the group independent of the system administrator and second administrators of other groups.  Interfaces are provided to the second administrator allow for setting event conditions and alert/notifications for the group.

31.    As claimed, a first level of access control is used to allow the second administrator to specify an event condition, *i.e.* a geo-fence, for the group and specify an access list such that only identified authorized users on the access list can receive the notification information, thereby providing total privacy to the second administrators.  A second level of access control is used to allow authorized recipients to access the notifications/alerts.

**PERDIEM'S ELD PATENTS**

32.    The inventions claimed in at least the '662, '689 and '966 patents are directed to an improved computing devices carried in vehicle that execute location tracking applications (LTAs) and system and an improved method for controlling conveyance of driving event information in a tracking service having a System administrator that manages privileges of the authorized users of the service who log into user accounts as subscribers in a database management system application (DBMSA) executed in a server.

33.    The claimed improvements are directed to using multiple levels of privileges that allow driver access to recorded event log files for driving events that occur after detecting that the vehicles are powered on which cause locating the drivers at different rates and recording

movement and non-movement driving events into the event log files.

34.     The claimed inventions provide that benefit by allowing the drivers to use the LTAs to log into driver user accounts over a wireless interface provided by the computing devices and edit, write or enter information into the event log files and sending notifications to one or more recipients who are authorized by a Driver administrator to receive the recorded driving event information.

## PERDIEM'S PATENT LITIGATION HISTORY

35.     The thirteen patents being asserted here all claim priority to the U.S. Provisional Patent Application No.  60/752,879, filed on December 23, 2005.

36.     PerDiem owns other, non-asserted patents that share a patent specification with the asserted patents and claim priority to the same provisional application, Serial No. 60/752,879.   Several of those related patents have been subject to extensive federal court litigations in the Eastern District of Texas (the EDTX Litigations) against eleven (11) companies who settled with PerDiem after filing more than ten IPRs challenging the validity of PerDiem's patent claims at the USPTO based on prior art.   All settlements in the EDTX litigations resulted in licensing agreements where PerDiem was compensated.

37.     During the EDTX Litigations, on November 2, 2016, Judge Gilstrap of United States District Court, Eastern District of Texas issued an Order Adopting Report and Recommendation filed by Magistrate Judge Payne (attached as Exhibit N) recommending denial of a Motion to Dismiss various related patents being asserted in the case for alleged lack of standing. *PerdiemCo LLC v. Industrack LLC et al.*, No. 2:15-cv-727-JRG-RSP (Nov. 2, 2016) at Dkt. 279.

38.     In denying the Motion to Dismiss, the Court found that "PerDiem owns the

patents-in-suit and has standing to sue." *Id.* at Dkt. 253, p. 17.

39.     The patents-in-suit have the identical ownership to the patents asserted in the Eastern District of Texas.

40.     In the EDTX Litigations, Magistrate Judge Payne construed the claims according to CLAIM CONSTRUCTION MEMORANDUM AND ORDER attached hereto as Exhibit O, which Order was adopted by Judge Gilstrap.

41.     In his REPORT AND RECOMMENDATION attached hereto as Exhibit P, Magistrate Judge Payne confirmed that the claims at issue are eligible subject matter under 35 U.S.C. §101 and that the specification supports the claims under 35 U.S.C. §112, with the REPORT AND RECOMMENDATION being adopted by Judge Gilstrap.

42.     PerDiem has concluded after careful review of publicly available information that Defendant's accused products and services infringe one or more claims of the asserted patents by applying the adopted claim construction during the EDTX litigations.

## THE ACCUSED PRODUCTS AND SERVICES

43.     Eroad makes, uses, sells, offers for sale, and/or imports products and services that infringe the asserted patents. Eroad's product offering includes both electronic logging devices (called Eroad ELD's or EROAD Ehubo) and services available through a web-based fleet management application (sometimes called the "Depot") (hereafter, "the Accused Products and Services").

44.     More specifically, Eroad makes, uses, sells, offers for sale, and/or imports at least the EROAD ELD products and fleet management network support system, including servers that provide the ability to monitor and report truck fleet activity so as to enable truck fleet operators to adhere to the Department of Transportation (DOT) and the Federal Motor Carrier Safety

Administration (FMCSA) regulations, as published in the Federal Register and compiled in the U.S. Code of Federal Regulations (C.F.R.), including but not limited to 49 C.F.R. §§ 300-399; 49 C.F.R. §§ 100-177; and 49 C.F.R. §§ 178-180.

45.     On information and belief, PerDiem contends that Eroad makes, uses, sells, or offers for sale products and services that infringe each of the asserted patents, as set forth in more detail below in connection with Exhibits Q through AC, which are exemplary infringement claim charts for the asserted claims of the asserted patents, each of which is incorporated by reference herein.

46.     The asserted patents all issued after the USPTO examiner considered all prior art cited during the prior EDTX Litigations and the IPRs.  The Asserted Patents in this action have the same ownership history and specification as those reviewed by Judge Gilstrap.

## PLAINTIFF'S PRE-FILING COMMUNICATIONS

47.     On July 12, 2018, Plaintiff's attorneys sent a letter by Eroad, Inc.'s offices in Oregon to inform Eroad that PerDiemCo owned several patents that were believed to cover Eroad's Eroad's ELD and Depot (web support), hereafter the "Accused Products and Services."

48.     The parties exchanged correspondence over the next 5 months with PerDiemCo eventually providing Eroad with claim charts that showed how nine PerDiemCo patents covered Eroad's Accused Products and Services.

49.     Eroad advised PerDiemCo that it did not believe that any of the PerDiemCo patent claims cover Eroad's Accused Products or Services, citing the allegation that Eroad's products do not include or operate with a location source, such as a GPS unit, and that Eroad's products cannot be turned off as claimed.

50.     On January 25, 2019, Eroad, Inc. and its parent, Eroad Ltd., filed a declaratory

judgment action against PerDiemCo alleging non-infringement of eleven (11) PerDiemCo patents. The counterclaims recited below present infringement claims for nine (9) of those patents and four (4) patents that issued subsequent to the parties' pre-filing discussions. The thirteen (13) asserted patents are identified in paragraphs 1 and 11-23, above.

## COUNT I – INFRINGEMENT OF THE '874 PATENT

51.     Paragraphs 1 through 50 are incorporated by reference as if fully stated herein.

52.     Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a) one or more claims of the '874 patent either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States the Accused Products and Services that infringe one or more claims of the '874 patent. An exemplary claim chart detailing the correspondence of every element of claim 1 of the '874 patent with a feature of Eroad's Accused Product and Services is attached hereto as Exhibit Q, which is incorporated by reference herein.

53.     Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '874 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '874 patent.

54.     Eroad had prior knowledge and notice of the '874 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

55.     Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b). Eroad has actively, knowingly, and intentionally induced, and continue to

actively, knowingly, and intentionally induce, infringement of the '874 patent by, for example, selling or otherwise supplying and supporting the Accused Products and Service in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the accused products, for their intended purpose to infringe the '874 patent, with instructions as to the use of that product and guidance as to the specific steps that must be taken to utilize that product, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to the Accused Products and Services, including the product literature described  in Exhibit Q, attached hereto.

56.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '874 patent, including at least claim 11, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale products and services in the United States knowing that those products constitute a material part of the inventions of the '874 patent, knowing that those products are especially made or adapted to infringe the '874 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

57.    PerDiem has been and continues to be damaged by Eroad's infringement of the '874 patent.  PerDiem has no adequate remedy to law.

58.    Having had prior knowledge of the '874 patent, Eroad knows, or should know, that, without taking a license to the patents-in-suit, its actions continue to infringe one or more claims of the '874 patent.

59.    Eroad has willfully infringed the '874 patent and continues to do so.

60.     The conduct by Eroad in infringing the '874 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II – INFRINGEMENT OF THE '662 PATENT

61.     Paragraphs 1 through 60 are incorporated by reference as if fully stated herein.

62.     Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '662 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1, 3-5, 13 and 14 of the '662 patent with a feature of the Eroad accused product offering is attached hereto as Exhibit R, which is incorporated by reference herein.

63.     Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '662 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '662 patent.

64.     Eroad had prior knowledge and notice of the '662 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

65.     Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the '662 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the

knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '662 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit R, attached hereto.

66.      Eroad has contributed to, and continues to contribute to, the infringement by third parties, including its customers, of one or more claims of the '662 patent, including at least claim 18, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '662 patent, knowing that those products are especially made or adapted to infringe the '662 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

67.      PerDiem has been and continues to be damaged by Eroad's infringement of the '662 patent.

68.      Having knowledge of the '662 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '662 patent.

69.      Eroad has willfully infringed the '662 patent and continues to do so.

70.      The conduct by Eroad in infringing the '662 patent renders this case exceptional

within the meaning of 35 U.S.C. § 285.

## COUNT III – INFRINGEMENT OF '689 PATENT

71.     Paragraphs 1 through 70 are incorporated by reference as if fully stated herein.

72.     Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '698 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '689 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1 and 4-7 of the '689 patent with a feature of the Eroad's Accused product offering is attached hereto as Exhibit S, which is incorporated by reference herein.

73.     Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '689 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '689 patent.

74.     Eroad had prior knowledge and notice of the '689 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counderclaims in this action.

75.     Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '689 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States

theoseproducts and services, for their intended purpose to infringe the '689 patent, with instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit S, attached hereto.

76.     Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '689 patent, including at least claim 1, under 35 U.S.C. § 271(c), by , for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '689 patent, knowing that those products are especially made or adapted to infringe the '689 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

77.     PerDiem has been and continues to be damaged by Eroad's infringement of the '689 patent.

78.     Having had prior knowledge of the '689 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '689 patent.

79.     Eroad has willfully infringed the '689 patent and continues to do so.

80.     The conduct by Eroad in infringing the '689 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV – INFRINGEMENT OF THE '941 PATENT

81.     Paragraphs 1 through 80 are incorporated by reference as if fully stated herein.

82.     Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '941 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '941 patent with a feature of Eroad's product offering is attached hereto as Exhibit T, which is incorporated by reference herein.

83.     Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '941 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '941 patent.

84.     Eroad had prior knowledge and notice of the '941 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

85.     Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '941 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Products and Services, for their intended purpose to infringe the '941 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those  products and services, including the product literature described  in Exhibit T, attached hereto.

86.     Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '941 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '941 patent, knowing that those products are especially made or adapted to infringe the '941 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

87.     PerDiem has been and continues to be damaged by Eroad's infringement of the '941 patent.

88.     Having knowledge of the '941 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '941 patent.

89.     Eroad has willfully infringed the '941 patent and continues to do so.

90.     The conduct by Eroad in infringing the '941 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V – INFRINGEMENT OF THE '966 PATENT

91.     Paragraphs 1 through 90 are incorporated by reference as if fully stated herein

92.     Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '966 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1, 4, 8-9, 13 and 19 of the '966 patent with a feature of the Eroad's Accused product offering is attached hereto as Exhibit U, which is incorporated by reference herein.

93.     Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '966 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '966 patent.

94.     Eroad had prior knowledge and notice of the '966 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

95.     Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '966 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '966 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit U, attached hereto.

96.     Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '966 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '966 patent, knowing that those products are especially made or adapted to infringe the '966 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

97.     PerDiem has been and continues to be damaged by Eroad's infringement of the '966 patent.

98.     Having knowledge of the '966 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '966 patent.

99.     Therefore, Eroad has willfully infringed the '966 patent and continues to do so.

100.     The conduct by Eroad in infringing the '966 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI – INFRINGEMENT OF THE '789 PATENT

101.    Paragraphs 1 through 100 are incorporated by reference as if fully stated herein.

102.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '789 patent.  An exemplary claim chart detailing the correspondence of every element of claims 1-4, 12, 14 and 17 of the '789 patent with a feature of the Eroad's Accused product offering is attached hereto as Exhibit V, which is incorporated by reference herein.

103.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '789 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '789 patent.

104.    Eroad had prior knowledge and notice of the '789 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

105.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '789 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '789 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit V, attached hereto.

106.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '789 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '789 patent, knowing that those products are especially made or adapted to infringe the '789 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

107.    PerDiem has been and continues to be damaged by Eroad's infringement of the '789 patent.

108.    Having knowledge of the '789 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '966 patent.

109.    Eroad has willfully infringed the '789 patent and continues to do so.

110.    The conduct by Eroad in infringing the '789 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII – INFRINGEMENT OF THE '961 PATENT

111.    Paragraphs 1 through 110 are incorporated by reference as if fully stated herein.

112.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '961 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '961 patent.  An exemplary claim chart detailing the correspondence of every element of claim 33 of the '961 patent with a feature of the Defendants' Accused product offering is attached hereto as Exhibit W, which is incorporated by reference herein.

113.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '961 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '961 patent.

114.    Eroad had prior knowledge and notice of the '961 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

115.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '961 patent by, for example, selling or otherwise supplying the Accused Products and Services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '961 patent, with

29

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit W, attached hereto.

116.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '961 patent, including at least claim x, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '961 patent, knowing that those products are especially made or adapted to infringe the '961 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

117.    PerDiem has been and continues to be damaged by Eroad's infringement of the '961 patent.

118.    Having knowledge of the '961 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '961 patent.

119.    Eroad has willfully infringed the '961 patent and continues to do so.

120.    The conduct by Eroad in infringing the '961 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII – INFRINGEMENT OF THE '189 PATENT

121.    Paragraphs 1 through 120 are incorporated by reference as if fully stated herein.

122.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '189 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '189 patent.   An exemplary claim chart detailing the correspondence of every element of claims 1-5 and 14 of the '189 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit X, which is incorporated by reference herein.

123.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '189 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '189 patent.

124.    Eroad had prior knowledge and notice of the '189 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

125.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).   Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '189 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '189 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit X, attached hereto.

126.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '189 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '189 patent, knowing that those products are especially made or adapted to infringe the '189 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

127.    PerDiem has been and continues to be damaged by Eroad's infringement of the '189 patent.

128.    Having knowledge of the '189 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '189 patent.

129.    Eroad has willfully infringed the '189 patent and continues to do so.

130.    The conduct by Eroad in infringing the '189 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IX – INFRINGEMENT OF THE '314 PATENT

131.    Paragraphs 1 through 130 are incorporated by reference as if fully stated herein.

132.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '314 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '314 patent.   An exemplary claim chart detailing the correspondence of every element of claim 1 of the '314 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit Y, which is incorporated by reference herein.

133.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '314 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '314 patent.

134.    Eroad had prior knowledge and notice of the '314 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

135.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).   Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '314 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '314 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit Y, attached hereto.

136.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '314 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '314 patent, knowing that those products are especially made or adapted to infringe the '314 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

137.    PerDiem has been and continues to be damaged by Eroad's infringement of the '314 patent.

138.    Having knowledge of the '314 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '314 patent.

139.    Eroad has willfully infringed the '314 patent and continues to do so.

140.    The conduct by Eroad in infringing the '314 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT X – INFRINGEMENT OF THE '661 PATENT

141.    Paragraphs 1 through 140 are incorporated by reference as if fully stated herein.

142.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '661 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '661 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '661 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit Z, which is incorporated by reference herein.

143.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '661 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '661 patent.

144.    Eroad had prior knowledge and notice of the '661 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

145.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '661 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '661 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described in Exhibit Z, attached hereto.

146.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '661 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '661 patent, knowing that those products are especially made or adapted to infringe the '661 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

147.    PerDiem has been and continues to be damaged by Eroad's infringement of the '661 patent.

148.    Having knowledge of the '661 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '661 patent.

149.    Eroad has willfully infringed the '661 patent and continues to do so.

150.    The conduct by Eroad in infringing the '661 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT XI – INFRINGEMENT OF THE '774 PATENT

151.    Paragraphs 1 through 150 are incorporated by reference as if fully stated herein.

152.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '774 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '774 patent.   An exemplary claim chart detailing the correspondence of every element of claim 1 of the '774 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit AA, which is incorporated by reference herein.

153.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '774 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '774 patent.

154.    Eroad had prior knowledge and notice of the '774 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

155.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).   Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '774 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '774 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit AA, attached hereto.

156.     Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '774 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '774 patent, knowing that those products are especially made or adapted to infringe the '774 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

157.     PerDiem has been and continues to be damaged by Eroad's infringement of the '774 patent.

158.     Having knowledge of the '189 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '774 patent.

159.     Eroad has willfully infringed the '774 patent and continues to do so.

160.     The conduct by Eroad in infringing the '774 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT XII – INFRINGEMENT OF THE '198 PATENT

161.    Paragraphs 1 through 160 are incorporated by reference as if fully stated herein.

162.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '198 patent.   An exemplary claim chart detailing the correspondence of every element of claim 1 of the '198 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit AB, which is incorporated by reference herein.

163.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '198 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '198 patent.

164.    Eroad had prior knowledge and notice of the '198 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

165.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '198 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '198 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit AB, attached hereto.

166.    Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '198 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '198 patent, knowing that those products are especially made or adapted to infringe the '198 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

167.    PerDiem has been and continues to be damaged by Eroad's infringement of the '198 patent.

168.    Having knowledge of the '198 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '198 patent.

169.    Eroad has willfully infringed the '198 patent and continues to do so.

170.    The conduct by Eroad in infringing the '198 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT XIII – INFRINGEMENT OF THE '950 PATENT

171.    Paragraphs 1 through 170 are incorporated by reference as if fully stated herein.

172.    Eroad has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '950 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale in the United States, the Accused Products and Services that infringe one or more of the claims '950 patent.  An exemplary claim chart detailing the correspondence of every element of claim 1 of the '950 patent with a feature of the Eroad's Accused Product and Services is attached hereto as Exhibit AC, which is incorporated by reference herein.

173.    Third parties, including Eroad's customers, have directly infringed, and continue to directly infringe under 35 U.S.C. § 271(a), one or more claims of the '950 patent, either literally and/or under the doctrine of equivalents, by making, using, importing, selling, and/or offering for sale the Accused Products and Services in the United States so as to infringe one or more claims of the '950 patent.

174.    Eroad had prior knowledge and notice of the '950 patent and its infringement through prior communications with PerDiem and through the filing and service of the Counterclaims in this action.

175.    Eroad has induced infringement and continues to induce infringement under 35 U.S.C. § 271(b).  Eroad has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '950 patent by, for example, selling or otherwise supplying the Accused products and services in the United States with the knowledge and intent that third parties will use, sell, and/or offer for sale in the United States the Accused Product and Services, for their intended purpose to infringe the '950 patent, with

instructions as to the use of those products and services and guidance as to the specific steps that must be taken to utilize those products and services, including the provision of interactive data fields, all with the knowledge and intent to encourage and facilitate infringement through the dissemination of the Accused Products and Services and/or the creation and dissemination of documentation and technical information to customers and prospective customers related to those products and services, including the product literature described  in Exhibit AC, attached hereto.

176.   Eroad has contributed to, and continues to contribute to, the infringement by third parties, including their customers, of one or more claims of the '950 patent, including at least claim 1, under 35 U.S.C. § 271(c), by, for example, selling and/or offering for sale in the United States the Accused Products and Services knowing that those products constitute a material part of the invention or inventions of the '950 patent, knowing that those products are especially made or adapted to infringe the '950 patent, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

177.   PerDiem has been and continues to be damaged by Eroad's infringement of the '950 patent.

178.   Having knowledge of the '950 patent, Eroad knows, or should know, that without taking a license to the patents-in-suit, its actions continued to infringe one or more claims of the '950 patent.

179.   Eroad has willfully infringed the '950 patent and continues to do so.

180.   The conduct by Eroad in infringing the '950 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **PRAYER OF RELIEF**

**WHEREFORE**, PerDiem prays for judgment as follows:

A.     That Eroad has infringed each of the asserted patents;

B.     That PerDiem be awarded all damages adequate to compensate it for Eroad's infringement of the asserted patents, such damages to be determined by a jury with pre-judgment and post-judgment interest;

C.     A judgment that the infringement was willful and that such damages be trebled pursuant to 35 U.S.C. § 284;

D.     An order permanently enjoining Eroad and its officers, agents, servants and employees, privies, and all persons in concert or participation with it, from further infringement of the asserted patents;

E.     That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that PerDiem be awarded attorney fees, costs, and expenses incurred relating to this action; and

F.     That PerDiem be awarded such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PerDiem hereby demands a trial by jury on all issues so triable.

Dated: October 1, 2019                    Respectfully Submitted,


By: _/s/James D. Berquist_
     John P. Palmer
     Texas Bar No. 15430600
     palmer@namanhowell.com
     NAMAN, HOWELL, SMITH & LEE, PLLC
     400 Austin Ave., Suite 800

P.O. Box 1470
Waco, Texas 76703
Telephone: (254) 755-4100
Facsimile: (254) 754-6331

James D. Berquist
Virginia Bar 42,150
jberquist@davidsonberquist.com
Donald L. Jackson
Virginia Bar 42,882
djackson@davidsonberquist.com
DAVIDSON BERQUIST JACKSON &
GOWDEY, LLP
8300 Greensboro Drive, Suite 500
McLean, Virginia 22102
Telephone: (571) 765-7700
Facsimile: (571) 765-7200

*Attorneys for PerDiemCo, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 1, 2019, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF")

all counsel of record who have appeared in this case.


By: */s/James D. Berquist*
James D. Berquist