UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| EROAD LIMITED and EROAD INC.,<br><br>                Plaintiffs,<br><br>        v.<br><br>PERDIEMCO, LLC,<br><br>                Defendant. | Civil Action No. 6:19-CV-00026-ADA |

**EROAD'S OPPOSITION TO PERDIEMCO'S RULE 12(B)(6) MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

INTRODUCTION ...............................................................................................................................1

BACKGROUND ...............................................................................................................................1

ARGUMENT.....................................................................................................................................2

      A.    EROAD Sufficiently Pled its Declaratory Judgment Claim of Non-Infringement. ........................................................................................2

      B.    PDC's Motion to Dismiss is Barred Under Rule 12(g)(2).......................................6

      C.    Leave to Amend Complaint. ....................................................................................7

CONCLUSION..................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.T.N. Indus., Inc. v. Gross*,
  No. 4:14-CV-02743, 2016 WL 362309 (S.D. Tex. Jan. 29, 2016)............................................6

*Am. Soc'y of Anesthesiologists v. BevMD*,
  LLC, Case No. 15-cv-600-BAS(JLB), 2016 WL 4257448
  (S.D. Cal. Mar. 31, 2016)...........................................................................................................4

*ASUSTeK Computer Inc. v. AFTG-TG LLC*,
  No. 5:CV 11-00192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011).............................4, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).........................................................................................................2, 4, 6

*E.R. v. Jasso*,
  No. EP-18-CV-00298-DCG, 2019 WL 3388040 (W.D. Tex. July 26, 2019) ...........................3

*MIS Scis. Corp. v. Rpost Commc'ns Ltd*,
  No. 14-cv-00376-VC, 2016 WL 2931659 (N.D. Cal. May 19, 2016)..................................4, 5

*Peyton v. Blue Cross & Blue Shield of Texas*,
  No. A-13-CA-282-SS, 2013 WL 12077501 (W.D. Tex. June 21, 2013) ..................................3

*Telebrands Corp. v. 1ByOne Products Inc.*,
  Civil Action No. 17-997-JFB-SRF, 2017 WL 5593785
  (D. Del. Nov. 21, 2017) ........................................................................................................5, 6

*Van Buren v. City of Monroe*,
  No. CIV.A. 10-0888, 2010 WL 5553556 (W.D. La. Nov. 9, 2010).........................................5

*Vance v. Transworld Sys., Inc.*,
  No. 5:17-CV-225-DAE, 2017 WL 9362703 (W.D. Tex. Nov. 22, 2017) .................................7

*Veltre v. Sliders Seaside Grill, Inc.*,
  Case No. 3:15-cv-1102, 2016 WL 524658 (M.D. Fla. Feb. 10, 2016)......................................5

*Westfall v. City of Schertz Police Dep't*,
  No. SA-05-CA-00191-RF, 2005 WL 1168427 (W.D. Tex. May 18, 2005)..............................7

**STATUTES AND RULES**

Fed. R. Civ. P. 12..................................................................................................................1, 2, 6

Fed. R. Civ. P. 15...........................................................................................................................7

# INTRODUCTION

EROAD Ltd. and EROAD Inc.'s (collectively, "EROAD") complaint states its declaratory judgment claims of non-infringement as required by the Federal Rules and case law. The complaint identifies the EROAD products PerDiemCo, LLC ("PDC") accuses in pre-suit letters of infringing claims of PDC's patents. The complaint then provides a short and plain statement that provides PDC fair notice of its claims. PDC confirmed that it had notice of EROAD's claims by admitting or denying each allegation in the complaint in its answer it filed one day after filing its motion to dismiss. Accordingly, PDC's Motion to Dismiss should be denied on the merits if the Court reaches them.

In any event, the Court should not reach the merits of this motion, but should strike it under Rule 12(g)(2). PDC already filed a Rule 12(b) motion, which the Court denied, and this motion is based on facts that were available to PDC when it filed the first motion. Beyond the procedural violation, PDC's motion should be denied because it cites no authority in which a court dismissed a complaint similar to EROAD's complaint. Instead, PDC cites cases granting motions to dismiss where the counterclaimant failed to identify a product that does not infringe. But EROAD has identified the accused electronic logging devices and provided short and plain statements explaining why it does not infringe the claims of PDC's patents.

# BACKGROUND

PDC sent several emails and letters to EROAD representatives, including EROAD's CEO and its outside counsel, from July 2018 to January 2019 accusing EROAD's "Electronic Logging Devices (ELDs)," among the "products and services offered by EROAD" of infringing PDC's patents. Dkt. No. 1 ("Complaint") at ¶¶ 10-16. In response to PDC's threats of litigation, EROAD brought the present declaratory judgment action on January 25, 2019. *See* Complaint. EROAD's complaint lays out the facts leading to this action, including identifying the eleven

1

patents that PDC raised and PDC's accusations that EROAD's ELDs infringe those patents. *Id.* The complaint then requests declaratory judgment that none of EROAD's methods, devices, and apparatuses, including its ELDs identified and incorporated by reference for each cause of action, infringes any valid and enforceable claim of the PDC patents. *See, e.g., id.* at ¶¶ 10-18.

PDC filed a Rule 12(b)(3) motion on March 22, 2019, asserting improper venue and requesting transfer of this action to the Eastern District of Texas. Dkt. No. 12. The Court denied the Rule 12(b)(3) motion on September 19, 2019. Dkt. No. 34.

Eleven days later, on September 30, 2019, PDC filed another Rule 12(b) motion—the present Rule 12(b)(6) motion to dismiss. Dkt. No. 35 ("Motion"). PDC's motion to dismiss contends that EROAD's "complaint fails to provide meaningful notice of the allegations being made." *Id.* at 1. Nevertheless, one day after filing its motion to dismiss, PDC filed its answer, defenses, and counterclaims to EROAD's complaint. Dkt. No. 37 ("Answer"). PDC's answer admits or denies each allegation of EROAD's complaint. *Id.*

## ARGUMENT

### A.   EROAD Sufficiently Pled its Declaratory Judgment Claim of Non-Infringement.

EROAD's complaint meets the requirements for stating a claim provided by the Federal Rules of Civil Procedure and *Twombly/Iqbal*. As PDC acknowledges, the Federal Rules "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Motion at 1-2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint provides the background leading to the present suit, identifying patents and claims PDC accused EROAD of infringing. Complaint at ¶¶ 10-16. The complaint further identifies EROAD ELDs as products PDC accuses of infringing its patents. *Id.* The complaint also

identifies many of the claim charts PDC sent to EROAD that purported to map accused EROAD functionality to claims of the PDC patent.  *E.g.,* Complaint at ¶ 18 ("On October 11, 2018, Mr. Babayi sent an email to Mr. Sacksteder that included a claim chart purporting to map accused EROAD functionality to claims 1-5 and 14 of the '189 patent.").  This background section identifying the pertinent facts leading to this action is incorporated by reference in each and every cause of action.  *See, e.g.,* Complaint at ¶¶ 17, 21; *see also E.R. v. Jasso,* No. EP-18-CV-00298-DCG, 2019 WL 3388040, at *9 fn. 9 (W.D. Tex. July 26, 2019) (statements in the "Factual Background" section that were incorporated by reference in a count of the claims, are treated as if stated in the count itself); *Peyton v. Blue Cross & Blue Shield of Texas*, No. A-13-CA-282-SS, 2013 WL 12077501, at *3 fn. 4 (W.D. Tex. June 21, 2013) (holding that the Court would "read the section of the complaint entitled 'Factual Background,' rather than myopically focusing only on the content beneath each 'Cause of Action' header (which, in any event, expressly incorporates the factual background)").

The claims provide the requisite "short and plain statement" showing that EROAD is entitled to relief.  For example, for the '189 patent, the complaint states that "EROAD is entitled to a declaratory judgment that it does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '189 patent, either literally or under the doctrine of equivalents" because "EROAD does not make, use, offer for sale, sell, import, or export, and have not ever made, used, offered to sell, sold, imported, or exported, any method, device, or apparatus," including EROAD's accused electronic logging devices and EROAD functionality accused in PDC's claim charts, "that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '189 patent," including claims 1-5 and 14 accused in PDC's claim chart sent to EROAD's counsel, "either literally or under the doctrine of equivalents."

*See* Complaint at ¶¶ 10-16 and 25-28.  The complaint similarly states for each of the identified PDC patents a claim for declaratory judgment of non-infringement.  *See* Complaint.

Courts have routinely held that similar declaratory judgment claims of non-infringement are sufficiently pled.  *See, e.g., Am. Soc'y of Anesthesiologists v. BevMD*, LLC, Case No. 15-cv-600-BAS(JLB), 2016 WL 4257448, at *3 (S.D. Cal. Mar. 31, 2016) (finding adequate a "scantly" alleged claim that the accused product did "not infringe, and has not infringed directly, indirectly, willfully, or otherwise" any claim of the asserted patent); *accord ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (holding that a non-infringement claim must at least identify the disputed products to satisfy *Twombly* and *Iqbal*).  In *MIS Scis. Corp. v. Rpost Commc'ns Ltd.*, for example, the district court found that declaratory judgment non-infringement claims were sufficiently pled where the accusing party "described in general terms the accused products" in pre-suit letters to the accused, and the accused party broadly denied those allegations.  Case No. 14-cv-00376-VC, 2016 WL 2931659, at *1 (N.D. Cal. May 19, 2016).  The court denied defendant's motion to dismiss, explaining that a declaratory judgment plaintiff need not plead more facts than a patentee accuser, and "[a]rguably a declaratory judgment plaintiff can plead less, because the accuser-defendant should typically already be on notice of the patent infringement questions posed by the lawsuit, at least if it has accused the declaratory judgment plaintiff in good faith and based on an objectively reasonable assessment of its infringement claims."  *Id.*  Similarly, here, EROAD could plead less because PDC is already on notice of the patent infringement questions posed by the declaratory judgment.  Indeed, the parties exchanged correspondence about the alleged patent infringement claims for months, including an October 16, 2019 letter to PDC's counsel explaining in detail the reasons why EROAD's products do not infringe PDC's patents.

Furthermore, EROAD's complaint identifies its ELDs as well as the claim charts accusing EROAD functionality identified in PDC's pre-suit allegations. Complaint at ¶¶ 10-16. PDC cannot credibly contend that the complaint fails to give it fair notice of the claims. *See MIS Scis. Corp.*, 2016 WL 2931659, at *1.

PDC answered each of the claims one day after filing its motion to dismiss, further confirming that the claims of the complaint are sufficiently pled. The complaint comprises 60 paragraphs, and PDC's answer admits or denies the averments in each and every one of those paragraphs. *See* Complaint and Answer. Courts have held that a motion to dismiss is moot where the movant subsequently files an answer while the motion is pending. *See, e.g.*, *Telebrands Corp. v. 1ByOne Products Inc.*, Civil Action No. 17-997-JFB-SRF, 2017 WL 5593785 at *2 (D. Del. Nov. 21, 2017) ("When an answer is filed prior to the resolution of a motion to dismiss, the motion to dismiss becomes moot." (citing *Veltre v. Sliders Seaside Grill, Inc.*, Case No. 3:15-cv-1102, 2016 WL 524658, at *1 (M.D. Fla. Feb. 10, 2016)). This district has held that the filing of an answer does not necessarily moot an earlier filed motion to dismiss, but admissions in the answer to allegations set forth in the complaint may undermine the movant's position in the motion to dismiss. *See Van Buren v. City of Monroe*, No. CIV.A. 10-0888, 2010 WL 5553556, at *1 (W.D. La. Nov. 9, 2010). Such is the case here.

PDC cites five cases that purportedly support its position that EROAD's complaint fails to meet the pleading standard for declaratory judgment complaints of non-infringement. Motion at 2-3. Each of the cited cases is distinguishable from the facts here because none of the complaints in those cases identified the accused products. Here, as explained above, the complaint identifies the products specified in PDC's pre-suit allegations, including EROAD's ELDs. Complaint at ¶¶ 10-16; *ASUSTeK Computer*, 2011 WL 6845791, at *13 (a non-infringement claim must at least

5

identify the disputed products to satisfy *Twombly* and *Iqbal*). Moreover, PDC cites a District of Delaware case— *Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*—a district in which its motion to dismiss would be held moot in view of a subsequent answer filed while the motion is pending. *Telebrands Corp.*, 2017 WL 5593785 at *2 ("When an answer is filed prior to the resolution of a motion to dismiss, the motion to dismiss becomes moot."). PDC identifies no cases with facts similar to those here in which the court granted defendant's motion to dismiss.

### B.   PDC's Motion to Dismiss is Barred Under Rule 12(g)(2).

PDC's motion to dismiss is barred procedurally under Rule 12(g)(2). Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion"). PDC already filed a Rule 12(b) motion—a Rule 12(b)(3) motion to transfer that the Court fully considered and denied. Dkt. No. 34. Under Rule 12(g)(2), PDC cannot now file a second Rule 12(b) motion, and its Rule 12(b)(6) motion to dismiss should be stricken on that basis. Rule 12(g)(2); *A.T.N. Indus., Inc. v. Gross*, No. 4:14-CV-02743, 2016 WL 362309, at *9 (S.D. Tex. Jan. 29, 2016) (striking defendant's Rule 12(b)(6) motion filed after his initial Rule 12(b) motion was denied because the facts defendant lodged as a basis for his 12(b)(6) defense existed as they were when he filed his initial Rule 12(b) motion and to allow defendant "to now bring this 12(b)(6) motion would be piecemeal, which is what rule 12(g) is designed to prohibit").[1]

---

[1] EROAD does not contend that PDC has waived its failure to state a claim defense, which it may still be able to raise under Rule 12(h)(2). However, under the plain language of Rule 12(g)(2), PDC was not permitted to file its pending motion to dismiss.

### C. Leave to Amend Complaint.

In the alternative, should the Court find that EROAD's complaint did not properly state a claim for non-infringement, EROAD requests leave to amend its complaint pursuant to Rule 15(a)(2). *See Vance v. Transworld Sys., Inc.*, No. 5:17-CV-225-DAE, 2017 WL 9362703, at *2 (W.D. Tex. Nov. 22, 2017) (granting plaintiff's motion to amend and denying as moot defendant's motion to dismiss); *see also Westfall v. City of Schertz Police Dep't*, No. SA-05-CA-00191-RF, 2005 WL 1168427, at *1 (W.D. Tex. May 18, 2005) (granting plaintiff's motion for leave to amend complaint and denying defendant's motion to dismiss).

### CONCLUSION

For the foregoing reasons, the Court should deny PDC's motion to dismiss.

Dated:   October 25, 2019                            Respectfully submitted,

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder, CSB No. 191605
(admitted in WD Texas)
Email: msacksteder@fenwick.com
Dargaye H. Churnet (admitted *pro hac vice*)
Email: dchurnet@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:     415.281.1350

Attorneys for Plaintiffs
EROAD LIMITED and EROAD INC.

7

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on October 25, 2019.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder